IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA BLINKHORN, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION |
| v. | ) |
| | )   FILE No. 1:21-CV-04627-MLB |
| SWK, LLC, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW, JESSICA BLINKHORN, by and through the undersigned counsel, and files this, her Complaint against Defendant SWK, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District

of Georgia, Atlanta Division.

**PARTIES**

3. Plaintiff JESSICA BLINKHORN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Douglasville, Georgia (Douglas County).

4. Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant SWK, LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Stephen Weslee Knapp, 715 East Lake Drive, Decatur Georgia 30030.

**FACTUAL ALLEGATIONS**

9. On or about September 2, 2021, Plaintiff was a customer at

"Paolino's," a business located at 350 Mead Road, Decatur, Georgia 30030.

10. On or about November 3, 2021, Plaintiff was a customer at "Ford's BBQ," a business that is also located at 350 Mead Road, Decatur, Georgia 30030.

11. Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property.")

12. Plaintiff lives approximately five (5) miles from the Facility and Property.

13. Plaintiff's access to the businesses located at 350 Mead Road, Decatur, Georgia 30030 (Dekalb County Property Appraiser's parcel number 15 213 01 13), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

14. Plaintiff has visited the Facility and Property at least twice before and intends on revisiting the Facility and Property once the Facility and Property are

made accessible.

15. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

16. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

18. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

19. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

20. The Facility is a public accommodation and service establishment.

21. The Property is a public accommodation and service establishment.

22. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991,

4

the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

24. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25. The Facility must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically

set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a) EXTERIOR ELEMENTS:**

(i) There are no accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards, in violation of section 208 of the 2010 ADAAG standards.

(ii) The exterior of the Paolino's portion of the Facility and Property does not provide for a minimum of 5% (five percent) of the dining surfaces utilized for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance thereunder as set forth in section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

7

(iii) There is a 2" (two inch) vertical rise within the accessible route that leads to the exterior seating area of the Ford's portion of the Facility that is not ramped, in violation of section 403.4 of the 2010 ADAAG standards.

(iv) The exterior of the Ford's portion of the Facility and Property does not provide for a minimum of 5% (five percent) of the dining surfaces utilized for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance thereunder as set forth in section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(b) **PAOLINO'S INTERIOR ELEMENTS:**

(i) The interior of the Paolino's portion of the Facility has a bar lacking any portion of which that has a maximum height of 34" (thirty-four inches) from the finished floor, in violation of section 902.3 of the 2010 ADAAG standards.

(ii) There is inadequate clear turning space in the restrooms in the Paolino's portion of the Facility, in violation of section 603.2.1

of the 2010 ADAAG standards.

(iii) The restrooms in the Paolino's portion of the Facility have pedestal sinks that provide for inadequate knee and toe clearance thereunder, in violation of sections 305, 306 and 606.2 of the 2010 ADAAG standards.

(iv) The accessible toilet stall doors in the restrooms in the Paolino's portion of the Facility are not self-closing and/or otherwise violate section 604.8.2.2 of the 2010 ADAAG standards.

(v) The hand operated flush controls on the commodes in the accessible toilet stalls in the restrooms in the Paolino's portion of the Facility are not located on the open side of the accessible stalls, in violation of section 604.6 of the 2010 ADAAG standards.

(vi) The soap dispensers in the restrooms in the Paolino's portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(vii) The height of the coat hooks located in the restroom stalls in the

restrooms in the Paolino's portion of the Facility are above 48" (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG standards.

**(c) FORD'S INTERIOR ELEMENTS**

(i) The accessible entrance to the Ford's portion of the Facility has a doorway threshold with a vertical rise in excess of ½" (one half inch) that is not ramped or beveled, in violation of sections 302, 303 and 404.2.5 of the 2010 ADAAG standards.

(ii) The interior of the Ford's portion of the Facility has a bar lacking any portion of which that has a maximum height of 34" (thirty-four inches) from the finished floor, in violation of section 902.3 of the 2010 ADAAG standards.

(iii) The interior of the Ford's portion of the Facility has a ramp leading to the lower dining area therein that has a slope exceeding 1:10 (one to ten), in violation of section 405.2 of the 2010 ADAAG standards.

(iv) The interior accessible route leading to the restrooms in the Ford's portion of the Facility has walking surfaces lacking 36" (thirty-six inches) inches of clear width, in violation of section

      403.5.1 of the 2010 ADAAG standards.

(v)     The Ford's portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(vi)    The hardware on the restroom doors in the Ford's portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(vii)   There are no rear grab bars adjacent to the commodes in the restrooms in the Ford's portion of the Facility, in violation of section 604.5 of the 2010 ADAAG standards.

(viii) The restrooms in the Ford's portion of the Facility have pedestal sinks that provide for inadequate knee and toe clearance thereunder, in violation of sections 305, 306 and 606.2 of the 2010 ADAAG standards.

(ix)    The soap dispensers in the restrooms in the Ford's portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(x)  The paper towel dispensers in the restrooms in the Ford's portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(xi)  The mirrors in the restrooms in the Ford's portion of the Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

32.  The above-described violations of the ADA and ADAAG rendered the parking lot on the Property inaccessible to Plaintiff, rendered large portions of the interior of both the Paolino's portion of the Facility and the Ford's portion of the Facility inaccessible to Plaintiff, and rendered the restrooms in the Facility inaccessible to Plaintiff.

33.  Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities on the Property are readily accessible to and usable by disabled individuals.

34.  Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to traverse the ramp servicing the property, more difficult for Plaintiff to enter and exit the Facility, and more difficult for Plaintiff to conduct her business on the accessible routes while inside the Facility.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

36. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

41. Upon information and good faith belief, the Property has been modified at least once after March 15, 2012.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)  That the Court find Defendant in violation of the ADA and ADAAG;

(b)  That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)  That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)  That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)  That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 8, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich